MARSHALL D. P. THOMPSON *vs.* JANE C. HINDS.

Franklin. Decided September 13, 1877.

*Promissory notes.*

Where a promissory note was given by a mother for an injury to the plaintiff by her son, and one of the defenses was that the plaintiff falsely and fraudulently exaggerated the extent of the injuries received, and the presiding justice instructed the jury "that the mere magnifying of the injuries would not of itself defeat the note, but if the defendant falsely, fraudulently, deliberately, misrepresented as to the extent of his injury, and as to the magnitude of his claim, it would discharge the defendant;" *Held,* on exception, that the instruction correctly stated the law.

ON EXCEPTIONS.

ASSUMPSIT on a note for $85, dated November 2, 1874, payable to the plaintiff on demand.

There was evidence introduced by the defendant tending to show that, on Sunday, November 1, the day previous to the giving of the note, the minor son of the defendant got intoxicated and discharged a pistol in the presence of the plaintiff and others, that the contents of the pistol passed through the pants of the plaintiff and hit his leg; but the extent of the injury was one question in controversy, it being claimed by the defendant that there was only a slight abrasion of the skin, that the plaintiff magnified his injury, represented it to be much more severe than it really was and induced the defendant to give this note in settlement thereof.

There was further evidence tending to prove that the plaintiff and others co-operating with him, represented the injury to be very severe, that he was liable to be a cripple for life, that the defendant's son was liable to be sent to the state-prison for his act, &c. It also appeared by the defendant's evidence, that the plaintiff and Owen Lander, an uncle to the defendant's son, and who was present when the pistol was fired, agreed "to go for them," (the defendant's family) and get all they could.

The presiding justice among other things instructed the jury as follows: "The defendant is liable if she signed the note as you would be, and to the same extent, if for a legal or valuable con-

sideration, if it was a valid contract. The question is, not whether she is liable, but what the note was given for ; was it fairly obtained ? You have heard the evidence. The plaintiff, this young lad, and an uncle of his, at sometime on Sunday, left home, went to a tavern, got pretty drunk and had a disgraceful scrape.

" The plaintiff says the note was to settle for damages. Was this what it was given for ? I leave it to you. I do not mean to intimate any opinion one way or the other. If given to settle for damages sustained by the plaintiff with a full knowledge of the transaction, or without fraudulent representations, she is liable and must pay it. Was it so given ? The defendant says that it was not ; that in the first place, there were not any damages ; that to be sure there was a pistol fired by a drunken boy, but it did not do any harm, merely made a hole in the plaintiff's pants ; that there was a conspiracy between the uncle and this plaintiff to extort money from the fears of the family, and that that is the basis of the note, and that the note was obtained under such circumstances.

" If they falsely and fraudulently misrepresented the injury, conspired together to deceive this woman and compel her to pay a larger or smaller sum by way of settling this injury, and the settlement was unfairly obtained, dishonestly obtained, from fraudulent representations of the extent of the injury, I instruct you she is not liable.

" Was the note given for a fair, honest settlement of an injury sustained, or was it for the purpose of compounding a felony, corrupt,—this young lad to be discharged from criminal liability,—or was it obtained by false, fraudulent representations of injury sustained, deceiving the woman, the parties conspiring together to extort money ? If it is, she is not liable. But if it was a fair settlement of a claim, made in good faith by the parties, deliberately entered into by this defendant, she is just as liable as you would be, whether married or not."

After the justice had closed his charge, the plaintiff's counsel asked the court "if the plaintiff magnified his injuries, may it not make a difference ?" The justice replied "not of itself, merely ; people ask a little more than they expect to get, but if he falsely, fraudulently, deliberately misrepresented as to the extent of the

injury, and as to the magnitude of his claim, that would discharge the defendant."

The verdict was for the defendant. The plaintiff filed exceptions, and also a motion for a new trial.

*II. L. Whitcomb & B. E. Pratt*, for the plaintiff, contended that if the plaintiff exaggerated his claim, and the extent of his injuries, it should not entirely defeat the note, not even if this was fraudulently done, that the excess should be shown by way of recoupment, in mitigation of damages and not to render the note absolutely void; that the evidence here showing that some injury was inflicted, the plaintiff should recover to that amount though it might be less than the full face of the note. Note to Sedgwick on Damages, p. 436; also Massachusetts cases found in 22 Pick. 510; 23 Pick. 283; 9 Met. 278; 11 Met. 559; 1 Cush. 271; 4 Cush. 215; 4 Gray, 50; 97 Mass. 166.

*P. II. Stubbs*, for the defendant.

Manifest fraud should avoid a contract *ab initio*. Bouv. L. Dict. tit. Fraud. *Pratt* v. *Philbrook*, 33 Maine, 17.

APPLETON, C. J. This is an action upon a promissory note of the defendant. It was given by her in settlement of a claim for damages for an alleged assault by her son upon the plaintiff, or for the purpose of stifling a criminal prosecution against him.

There was evidence tending to show threats made to the defendant, of a criminal prosecution of her son and of his being sent to state-prison unless the plaintiff's claim was settled; that the plaintiff falsely and fraudulently exaggerated the extent of the injury received, and that he was not injured at all. There was evidence to the contrary.

The presiding justice charged the jury that if the note was given on a fair settlement of a claim made in good faith, the defendant would be liable; that if it was for the purpose of compounding a felony,—the son to be discharged from criminal liability,—or if it was obtained by false and fraudulent representations of injuries sustained, deceiving the defendant, the parties conspiring together to extort money, she would not be liable.

These instructions were correct.

After the charge, the plaintiff's counsel asked the court "if the plaintiff magnified his injuries may it not make a difference?" to which the court replied, "not of itself merely ; people ask a little more than they expect to get, but if he (the plaintiff) falsely, fraudulently, deliberately misrepresented as to the extent of the injury and as to the magnitude of his claim, that would discharge the defendant."

The plaintiff cannot justly complain of this.    Assuredly a false, fraudulent misrepresentation deliberately made would not furnish a valid consideration for a note.

The verdict was fully justified by the evidence.

*Motion and exceptions overruled.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.